14-3809
Hyman v. Abrams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of November, two thousand and fifteen.

PRESENT: CHESTER J. STRAUB,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
   *Circuit Judges.*

---

WINSTON E. HYMAN,

   *Plaintiff-Appellee,*

   -v.-                                                No. 14-3809

CHRISTOPHER B. ABRAMS, in his individual capacity,

   *Defendant-Appellant.*[*]

---

_____

[*] The Clerk of the Court is respectfully requested to amend the caption as indicated.

FOR APPELLANT:       THOMAS MARCELLE, County Attorney (Adam G. Giangreco, *on the brief*), Albany County Department of Law, Albany, NY.

FOR APPELLEES:       JESSICA M. GORMAN, Law Office of Jessica M. Gorman, Albany, NY.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Christopher B. Abrams appeals from a decision of the United States District Court for the Northern District of New York, *inter alia*, denying Abrams qualified immunity from Plaintiff-Appellee Winston E. Hyman's action under 42 U.S.C. § 1983.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.[1]

This Section 1983 action arises from an August 16, 2012 incident at the Albany County Correctional Facility ("ACCF") during which, Hyman alleges, he

---

[1] We review *de novo* a district court's denial of qualified immunity on a motion to dismiss, accepting as true all well-pled facts in the complaint, and drawing all reasonable inferences in the plaintiffs favor.  *See Benzman v. Whitman*, 523 F.3d 119, 125 (2d Cir. 2008); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

was assaulted by a number of sheriff's deputies and officers, including Abrams. The District Court granted in part and denied in part defendants' motion for partial dismissal pursuant to Federal Rule of Procedure 12(b)(6). Abrams appeals the denial of qualified immunity as to the individual-capacity claims against him.

Although, "usually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted," a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if "the facts supporting the defense appear on the face of the complaint." *McKenna v. Wright*, 386 F.3d 432, 435–36 (2d Cir. 2004) (citing *Green v. Maraio*, 722 F.2d 1013, 1018 (2d Cir. 1983)) (internal quotation marks and alterations omitted). Consequently, "a defendant presenting an immunity defense on a Rule 12(b)(6) motion instead of a motion for summary judgment must accept [that] . . . the plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *Id.* at 436 (citations omitted).

Here, the Complaint alleges that Abrams assaulted Hyman without provocation. *See, e.g.*, Joint App. 61 ("[W]ithout warning, Defendant Abrams

3

grabbed the Plaintiff's shoulder and shoved him. As the Plaintiff pulled away, he told the Defendant that he did not need to shove him. This apparently infuriated Defendant Abrams, who then attacked the handcuffed Plaintiff by punching him in his right eye."). The facts appearing on the face of the Complaint plainly do not support a defense of qualified immunity. *See McKenna*, 386 F.3d at 436.

Our conclusion would not differ even were we to assume that ACCF video footage of the incident referenced in the Complaint, *see, e.g.*, Joint App. 70,[2] was sufficiently relied upon and "integral" to the Complaint, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), and could properly be considered part of the pleadings, *c.f. Garcia v. Does*, 779 F.3d 84, 87 n.2 (2d Cir. 2015) (noting that "[w]e have never addressed whether Fed. R. Civ. P. 10(c), which provides that a 'written instrument' included as an exhibit to a pleading 'is a part of the pleading for all purposes,' extends to videos"). This is because the ACCF video footage does not contradict or render implausible Hyman's allegations. As counsel for Abrams acknowledged at oral argument, the angle and quality of the video footage make details of the incident difficult to discern and in need of

---

[2] The ACCF video footage of the incident was attached as Exhibit A to Defendants' Motion for Partial Dismissal. *See* Dist. Ct. Dkt. No. 37.

testimonial interpretation. *See* Transcript of Oral Argument at 13–14, *Hyman v. Abrams*, No. 14-3809 (2d Cir. Oct. 15, 2015). Abrams's motion to dismiss on the ground of qualified immunity must therefore be rejected at this stage. *See Behrens v. Pelletier*, 516 U.S. 299, 307–08 (affirming that a defendant may reaise the qualified immunity defense at successive stages). "[W]e are free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied." *Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006).

We have considered all of Abrams's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the decision of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk